UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Peter Lee,<br><br>　　　　Plaintiff<br><br>v.<br><br>Native Games America, LLC; Native Games Entertainment International Limited; Jeff Martinez; Mark Anthony Strom,<br><br>　　　　Defendants | 2:16-cv-02665-JAD-NJK<br><br>**Order Denying Motion for Temporary Restraining Order and Setting Motion for Preliminary Injunction for Hearing on an Expedited Briefing Schedule**<br><br>[ECF No. 4] |

　　　　Patrick Lee sues defendants ("NGA") for defaulting on a loan agreement. Lee loaned NGA over half a million dollars, and NGA pledged its various tangible and intellectual-property assets as collateral for the loan. Lee alleges that NGA has not made a single payment on this loan, and he seeks to collect against NGA's collateral. Lee now moves on an emergency basis for both a temporary restraining order and a preliminary injunction against the defendants, as well as appointment of a receiver. The thrust of Lee's concern is that NGA is mismanaging its company so that by the time Lee can assert his rights to NGA's assets, there might be nothing left to collect.

　　　　Temporary restraining orders are only for emergencies because "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard . . . [has been given to] both sides of a dispute."[1] Lee must meet a "high hurdle" to show that he will be irreparably harmed if not given an injunction between now and when I can conduct a proper preliminary injunction with both parties participating.[2]

　　　　I find that Lee has not met this demanding standard. Lee argues that he may be irreparably harmed because NGA is making poor business decisions and effectively running its business into the ground. But what Lee does not explain is why he needs emergency relief to

---

[1] *Granny Goose Foods, Inc. v. Brotherhood of Teamsters,* 415 U.S. 423 (1974).

[2] *Stanchart Sec. Int'l, Inc. v. Galvadon*, 2012 WL 5286952, at *1 (S.D. Cal. Oct. 24, 2012).

protect his ability to collect against NGA's assets. None of his evidence or allegations suggest that these assets face an imminent threat in the coming weeks before a proper hearing can be arranged. I thus deny Lee's motion for a temporary restraining order and set a date for a hearing on Lee's motion for preliminary injunction and appointment of a receiver.

## Background

Lee loaned NGA over half a million dollars, and NGA promised all of its assets (tangible and intellectual) as collateral.[3] Under the parties' loan agreement, NGA was supposed to make its first payment in August 2016, but it failed to do so.[4] After NGA refused to make further payments or work out a deal, Lee asked NGA to allow him to take control of its business, but the request was refused.[5]

NGA is a video game company. For example, NGA owns the Mega Frame Casino game, a slot machine video game featured on social-media site Facebook. Lee contends that over recent months, NGA has mismanaged its company resulting in losses and, potentially, insolvency. He alleges that NGA purchased a company, Plaor, but then allowed the company to fall into disarray so that it is now facing an eviction at its company headquarters.[6] He also alleges that NGA failed to properly manage its licensing agreements with third parties, causing those parties to pull their content from NGA's games and thus making those games less valuable.[7] Finally, Lee alleges that NGA is considering selling some of its equity to a company in exchange for worthless stock.[8]

---

[3] ECF No. 5-3.

[4] ECF No. 5-2 at 12.

[5] *Id.* at 13.

[6] *Id.* at 13–14.

[7] *Id.*

[8] *Id.*

## Discussion

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[9] Generally, the movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that [an injunction] is in the public interest."[10] But when a plaintiff seeks the exceptional remedy of a temporary restraining order—without the defendant being given the opportunity to be heard—the plaintiff must also make a threshold showing that an injunction is needed in the short interim period before a proper preliminary injunction hearing can be arranged. Lee must provide "specific facts in an affidavit or a verified complaint [to] clearly show that immediate and irreparable injury, loss or damage will result . . . before [NGA] can be heard in opposition."[11]

Lee makes three arguments for why he needs an immediate injunction before a preliminary injunction hearing can be arranged: (1) NGA is allowing its intellectual property to deteriorate, (2) NGA's corporate status has been revoked by Nevada, (3) NGA is attempting to sell equity to another company, and (4) NGA is allowing a company that it owns to be evicted from its headquarters.[12] These allegations and evidence portray a company making poor business decisions, but what they do not show is any imminent threat to Lee's ability to collect on NGA's collateral—which is what matters for purposes of this emergency motion.

Lee argues that NGA's mismanagement is diminishing the value of its intellectual property, but he provides no specific facts suggesting that these assets are in imminent danger. The only specific facts he provides are that one of NGA's games, Mega Frame Casino, is losing

---

[9] *See Stuhlbarg Intern. Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[10] *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

[11] FED. R. CIV. PROC. 65(b)(1).

[12] ECF No. 5-2 at 13.

licensed content because third parties are demanding that their games be removed from Mega Frame's platform.[13] But Lee's own exhibits show that these third parties have been threatening to remove their content since at least July 2016.[14] He provides no allegations or evidence indicating that anything new will happen to Mega Frame in the coming weeks before a full hearing on this issue.

Nor does Lee provide any explanation for how NGA's corporate status with the state of Nevada means that he needs an immediate injunction to protect his interest in NGA's collateral. If NGA's corporate status mattered, then it's too late because it is already revoked. To the extent Lee suggests that the loss of its corporate status means NGA is on the verge of shutting its doors and squandering its assets, again, Lee provides no specific facts indicating that NGA is doing anything in the *immediate* future that would jeopardize the collateral.[15]

Lee similarly provides no explanation for how NGA selling its equity threatens his ability to collect on NGA's collateral. Lee offers no authority to suggest that the identity of NGA's shareholders could somehow implicate whether Lee can collect on NGA's assets. Lee suggests that NGA selling equity violates the parties' loan agreement. That may be, but an imminent breach of contract does not equate to imminent, irreparable harm warranting emergency relief.

Finally, Lee contends that a company owned by NGA (and thus one of its assets that Lee may later want to collect from) faces eviction from its headquarters. But Lee again fails to articulate how this might affect his ability to collect on the asset. He does not suggest, for example, that if the eviction is avoided the company will retain more value. Lee appears to bring up this fact as further evidence of NGA's inability to properly manage itself. But the fact that NGA might be making poor business decisions and breaching its loan agreement with Lee in the process—says nothing about Lee's need for the exceptional remedy of a TRO.

---

[13] ECF No. 5-1 at 3.

[14] ECF No. 5-9 at 3.

[15] This argument is also belied by the fact that Lee admits NGA is attempting to negotiate a deal to sell equity—not something that a defunct company would be doing.

Lee has failed to show that he faces an *immediate* likelihood of injury without a temporary restraining order. I thus deny his motion.

## Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that **Lee's motion for a temporary restraining order [ECF No. 4] is DENIED.**

IT IS FURTHER ORDERED that Lee's motion for preliminary injunction **[ECF No. 6]** and motion for appointment of a receiver **[ECF No. 8]** will be heard on **January 27, 2017 at 10:00am**, in Courtroom 6 D at 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101. NGA has until **December 29, 2016**, to file a response to those motions. Lee has until **January 12, 2017,** to file any reply.

Dated this 15th day of December, 2016:

_____
Jennifer A. Dorsey
United States District Judge