UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Peter Lee,<br><br>    Plaintiff<br><br>v.<br><br>Native Games America, LLC, et al.,<br><br>    Defendants | 2:16-cv-02665-JAD-NJK<br><br>**Order Denying Emergency Motions for Temporary Restraining Order, Appointment of a Receiver, and Preliminary Injunction**<br><br>[ECF Nos. 21, 23, 25] |

    Peter Lee sues Native Games America, LLC (NGA); Native Games Entertainment International Limited; Jeff Martinez; and Mark Strom in this loan-default case for breach of contract, breach of the implied covenant of good faith and fair dealing, claim and delivery, and declaratory relief.[1] Lee now moves for a temporary restraining order, appointment of a receiver, and a preliminary injunction to protect the value of the collateral securing his loan to NGA.[2] The legal standards for these forms of relief require Lee to provide specific facts in an affidavit or verified complaint to show that he is entitled to this relief. But Lee's evidence fails to show that he will be irreparably harmed in the absence of a restraining order and an injunction. And the factors that I must examine in determining whether to appoint a receiver in a diversity case like this weigh against appointing one at this time. I therefore deny all three of Lee's emergency motions.

### Background

    Lee entered into a loan agreement with NGA that is secured by all of NGA's assets, including intellectual property like the online casino-themed game Mega Fame Casino.[3] After NGA defaulted, Lee demanded the orderly turn over of NGA's assets, including Mega Fame, but

---

[1] ECF No. 1.

[2] ECF Nos. 21, 23, 25.

[3] ECF No. 22 at 11–12, ¶¶ 3–11.

NGA refused, so Lee filed this lawsuit.[4] One month later, Lee filed emergency motions for a temporary restraining order, appointment of a receiver, and preliminary injunctive relief.[5] I found that Lee did not meet the standard for a temporary restraining order, so I denied that motion and set a date to hear oral argument on the other two.[6] On the day set for hearing, NGA filed a petition for relief under Chapter 11 of the U.S. Bankruptcy Code in the U.S. Bankruptcy Court for the District of Nevada.[7] As this case was automatically stayed against NGA under 11 U.S.C. § 362, I granted Lee's oral motion to withdraw his motions that were set to be heard.[8] This case then stalled while NGA proceeded with its bankruptcy case.

When efforts to reach a resolution in bankruptcy failed, Lee moved for relief from the automatic stay, and NGA countered to dismiss its bankruptcy case.[9] The bankruptcy court denied Lee's motion, granted NGA's countermotion, and dismissed the bankruptcy case.[10] Freed from the constraints of the automatic stay, Lee now renews his emergency motions.

## Discussion

**A.     Lee has not shown that he is entitled to a restraining order or an injunction.**

The legal standard for issuing a temporary restraining order and the legal standard for injunctive relief are "substantially identical."[11] In the Ninth Circuit, courts must consider the

---

[4] *Id.* at 13–14, ¶¶ 23–24.

[5] ECF Nos. 4, 6, 8.

[6] ECF No. 14.

[7] ECF No. 17.

[8] ECF No. 18 (minutes of proceeding).

[9] *In re Native Games America, LLC*, BK-S-17-10356-abl at ECF No. 54 (Sept. 1, 2017).

[10] *Id.* (the bankruptcy case was formally closed on September 18, 2017).

[11] *See Stuhlbarg Intern. Sales Co. v. John D. Brush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

factors established in *Winter v. Natural Resources Defense Council, Inc.*[12]  Generally, the movant must show "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[13]  "Evidence that goes beyond the unverified allegations of the pleadings and motion papers must be presented to support or oppose a motion for preliminary injunction."[14]

When a plaintiff seeks the exceptional remedy of a temporary restraining order—without defendants being given the opportunity to be heard—the plaintiff must also make a threshold showing that an injunction is needed in the short period before a proper preliminary injunction hearing can be arranged.  For that, Lee must provide "specific facts in an affidavit or a verified complaint [to] clearly show that immediate and irreparable injury, loss, or damage will result . . . before [NGA] can be heard in opposition."[15]

One deficiency in Lee's motions for a temporary restraining order and a preliminary injunction is that he does not provide a verified complaint[16] and his declaration is neither a sworn statement nor is it a written statement that substantially complies with 28 U.S.C. § 1746 because it is not subscribed as true under penalty of perjury.[17]  Lee's declaration merely provides that he

---

[12] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 20 (2008).

[13] *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

[14] 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2949 at 237 (2013).

[15] Fed. R. Civ. P. 65(b)(1).

[16] *See* ECF No. 1.  A complaint is "verified" if it contains a sworn verification or declares that it is true and correct.  *Schroeder v. McDonald*, 55 F.3d 454, 460 n.10 (9th Cir. 1955) (referencing 28 U.S.C. § 1746).

[17] *See* ECF No. 22 at 10–15.  Whenever a law or rule requires a matter to be evidenced by a sworn statement, the same can be accomplished "with like force and effect" with a written statement that is subscribed as true under penalty of perjury under the law of the United States of America.  28 U.S.C. § 1746(1).

is "over the age of 18 years old, and competent to testify to the following facts based on [his] own knowledge or, where indicated, upon information and belief."[18] Lee does, however, provide the § 1746-compliant declaration of his proposed receiver, Richard Corredera, who attests that he has been involved in the operations, finance, development, marketing, and management of Mega Fame.[19] Because Corredera echoes many of Lee's statements, I will consider the merits of Lee's motions.

Lee argues that he needs a restraining order and a preliminary injunction because NGA is allowing Mega Fame—part of the collateral that secures Lee's loan to NGA—to deteriorate.[20] Lee says that Mega Fame's reputation, customer goodwill, market share, revenue, and brand recognition will be harmed if it is allowed to continue on its current course. Most of these can be irreparable harms.[21]

"Those seeking injunctive relief" or a temporary restraining order must do more than just state or argue that they will suffer irreparable harm, they "must proffer evidence sufficient to establish a likelihood of irreparable harm."[22] Lee provides evidence that Mega Fame lost licensed content in November and August 2016 because two licensors demanded that their games be removed from Mega Fame's platform for NGA's failure to make royalty payments to them.[23] But these events are stale, and there is no evidence to show that anything new will happen to

---

[18] ECF Nos. 22 at 10, ¶ 1; 24 at 10, ¶ 1. Lee attaches the same appendix of exhibits to each of his motions, which themselves are identical; I refer only to the exhibits at ECF No. 22.

[19] ECF No. 22 at 177, ¶¶ 7–8.

[20] ECF No. 22 at 14, ¶¶ 28–34.

[21] *See, e.g., Los Angeles Memorial Coliseum Comm. v. N.F.L.*, 634 F.2d 1197, 1202–03 (9th Cir. 1980) (threat that entity will be put out of business can be an irreparable harm but threat of lost revenues cannot); *Herb Reed Enter., LLC v. Fla. Entert. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013), *cert. denied* 135 S.Ct. 57 (2014) ("evidence of loss of control over business reputation and damage to good will could constitute irreparable harm").

[22] *Herb Reed Enter., LLC*, 736 F.3d at 1251.

[23] ECF No. 22 at 169–72.

4

Mega Fame's licensed content before a trial can be had on the merits of Lee's claims.  Lee and Corredera both attest that, since NGA filed its bankruptcy petition, Mega Fame has been maintained by a small crew of technical and customer-service staff.[24]  But this is a vague fact given in a vacuum.  Lee also attests that Mega Fame's sales "have steadily declined due to the neglect of NGA."[25]  Corredera repeats this statement, adding that the most dramatic degradation occurred in the last 30 days, and he attributes the decline to the loss of staff focus and the "loss of use of games and accompanying intelligence systems that drive marketing campaigns [that] directly impact[ ] Mega Fame's sales."[26]  These are largely conclusions, however, and neither declarant provides any supporting facts.  The same is true of Corredera's statement that "[v]endor bills arising from Mega Fame remain unpaid and threaten its continued operation and value."[27]

Finally, Lee and Corredrea attest that NGA was in bankruptcy and its bankruptcy case was recently dismissed.[28]  The Ninth Circuit explained "that a district court has authority to issue a preliminary injunction where the plaintiffs can establish that money damages will be an inadequate remedy due to impending insolvency of the defendant or that defendant has engaged in a pattern of secreting or dissipating assets to avoid judgment."[29]  This authority is "restricted to only *extraordinary* cases in which equitable relief is not sought."[30]  Ignoring the fact that Lee seeks equity here—declaratory relief—he offers no argument or evidence that NGA has a pattern of secreting or dissipating assets, and his scant evidence on NGA's financial condition, especially

---

[24] *Id.* at 14, ¶¶ 30–31; 178, ¶ 15.

[25] *Id.* at 14, ¶ 34.

[26] *Id.* at 178, ¶¶ 16–17.

[27] *Id.* at 178, ¶ 18.

[28] *Id.* at 14, ¶¶ 26–27; 178, ¶¶ 13–14.

[29] *In re Estate of Ferdinand Marcos, Human Rights Litig.*, 25 F.3d 1467, 1480 (9th Cir. 1994).

[30] *Id.* (emphasis in the original).

when coupled with the recent dismissal of NGA's bankruptcy case, is not sufficient to show that monetary damages will be inadequate.

Based on this record, I do not find that Lee has shown that Mega Fame's market-share revenues, brand recognition, business opportunities or reputation, customer goodwill, or its very existence will be harmed absent a temporary restraining order or preliminary injunction. Because the tests for both forms of relief require satisfaction of all four *Winter* elements, failure to satisfy any one of them—as Lee has failed to demonstrate likelihood of irreparable harm here—requires that I deny his motions for this relief.

**B.     Lee has not shown that he is entitled to the appointment of a receiver.**

Lee moves for the appointment of a receiver under Nevada law.[31] In *Canada Life Assur. Co. v. LaPeter*, the Ninth Circuit held that federal law governs the appointment of a receiver by a district court where, like here,[32] jurisdiction is based on diversity.[33] District courts have "broad discretion in appointing a receiver"—"'an extraordinary equitable remedy'" that "should be applied with caution."[34] "[T]here is 'no precise formula for determining when a receiver may be appointed.'"[35] In *Canada Life*, the Ninth Circuit outlined several factors that district courts should consider in deciding to appoint a receiver: whether (1) the party seeking appointment has a valid claim; (2) "'there is fraudulent conduct or the probability of fraudulent conduct' by the defendant"; (3) "the property is in imminent danger of 'being lost, concealed, injured, diminished in value, or squandered'"; (4) "legal remedies are inadequate"; (5) harm to plaintiff by denial of the appointment outweighs injury to party opposing appointment; (6) plaintiff has a probable

---

[31] ECF No. 25 at 15 (citing Nev. Rev. Stat. § 32.010).

[32] *See* ECF No. 1 at ¶ 6.

[33] *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 842–43 (9th Cir. 2009).

[34] *Id.* at 844–45 (quoting *Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 F.2d 314, 316 (8th Cir. 1993); citing 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2983 at 24 (2d ed. 1997)).

[35] *Id.* at 844 (quoting *Aviation Supply Corp.*, 999 F.2d at 316).

6

chance of success in the action; (7) there is a possibility of irreparable injury to plaintiff's interest in the property; (8) the "plaintiff's interests sought to be protected will, in fact, be well-served by receivership"; and (9) defendant is of doubtful financial standing.[36]

The second *Canada Life* factor weighs against appointing a receiver because there is no evidence or allegation of fraudulent conduct or the probability of that conduct on defendants' part. I find that two of the factors weigh in favor of appointing a receiver: (factor 1) Lee has a valid claim and (factor 6) Lee has a probable chance of success in this action. But for the reasons described above in section A, I cannot find on this record that factors 2, 3, 4, 7 and 9 weigh in favor of appointing a receiver. And the record is not sufficiently developed for me to determine whether factors 5 and 8 weigh in favor of appointing a receiver, so I conclude that the *Canada Life* factors, on balance, do not support the appointment of a receiver at this time. I therefore deny Lee's motion for this relief.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Lee's emergency motions for a temporary restraining order, a preliminary injunction, and appointment of a receiver **[ECF Nos. 21, 23 and 25] are DENIED**.

DATED: October 11, 2017.

_____
U.S. District Judge Jennifer A. Dorsey

---

[36] *Id.* at 844–45 (collecting authorities).